## WILLIAM FENHOLT *vs.* COUNTY OF FREEBORN.

### May 30, 1882.

**Support of the Poor in Albert Lea.**—The support and maintenance of the poor within the city of Albert Lea is not a charge upon the county of Freeborn.

Plaintiff, having supported a pauper resident in the city of Albert Lea, and having furnished him with food and clothing, seeks in this action to recover for his expenditures from the county of Freeborn. The action was brought in the district court for that county, and plaintiff appeals from an order by *Farmer*, J., sustaining a demurrer to the complaint.

*J. H. Parker*, for appellant.

*Lovely & Morgan*, for respondent.

MITCHELL, J.  The sole question presented by this appeal is whether the county of Freeborn is chargeable with the support of paupers residing within the city of Albert Lea.  Gen. St. 1878, c. 15, § 3, makes the support of the poor a charge upon the county in which they have a legal residence and settlement at the time of applying for such relief and support.  Sp. Laws 1875, c. 74, provide: "Section 1. Each township in the county of Freeborn, in this state, shall take care of and bear the expense of its own poor or paupers in the same way and manner, so far as applicable, as is now provided for counties to take care of its poor and paupers."  Section 2 of this act provides that all applications for aid shall be made to the board of township supervisors, etc.  Section 4 makes the general laws of the state as to residence of poor persons, in order to obtain aid from counties, applicable to townships in Freeborn county.  Section 5 enacts that the

township board of supervisors shall be superintendents of the poor in their respective townships, and take charge of such paupers, to the exclusion of the county commissioners of said county of Freeborn.

This act clearly amounts to a repeal of the general law, so far as Freeborn county was concerned. After its passage, the support of the poor was no more a charge on Freeborn county than if the general law had never been enacted. Thereafter the support of poor in the county was wholly a township charge. At the time of the passage of this act, the city of Albert Lea had not yet been incorporated, but the territory now included in it was a part of the township of the same name. By Sp. Laws 1878, *c.* 1, the city of Albert Lea was incorporated, composed of territory formerly a part of the township of Albert Lea. This act is entirely silent as to the support of paupers resident within the proposed city. This act of incorporation does not repeal the act of 1875, making the support of the poor a township charge, either expressly or by implication. Hence, to whomsoever the duty of supporting the poor within the city of Albert Lea belongs, it does not belong to the county of Freeborn; it is either a charge upon the city of Albert Lea, or, by a *casus omissus* of the legislature, the poor in that city are left unprovided for. It would lead to very absurd results to hold that the whole county of Freeborn, each township of which exclusively supports its own poor, is required to support the poor of the city of Albert Lea, which bears no part of the burden of supporting the poor of the remainder of the county.

As the only question before the court is the liability of the county, and as the city of Albert Lea is no party to this action, it would be improper here to pass upon the question of the liability of that city.

Order affirmed.